IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATENT COMPLIANCE GROUP, INC., | § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | 3:10-CV-289-K |
| WRIGHT MEDICAL TECHNOLOGY, INC., | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wright Medical Technologies, Inc.'s ("Wright Medical") Motion to Dismiss or, in the alternative, Motion to Stay (Doc. No. 5), filed April 20, 2010. The Court has reviewed and considered the motion, the response, the reply, the pleadings on file in this case, the notices of supplemental authority, and the applicable law. Upon review, this case must be dismissed because Plaintiff Patent Compliance Group, Inc. ("PCG") fails to state a claim upon which relief may be granted under 35 U.S.C. § 292. Therefore, Wright Medical's Motion to Dismiss is **GRANTED** and PCG's claims are **DISMISSED without prejudice** and the Motion to Stay is **DENIED as moot**.

I.   **Factual and Procedural Background**

PCG is a Texas corporation based out of Dallas. Wright Medical is a medical

products and services company, incorporated in Delaware and operating out of Tennessee.  Wright Medical sells surgical devices and products, from tools and guides to prosthetic knee joints.  Like other technology-based companies, Wright Medical files for and obtains patents through the United States Patent and Trademark office for the unique products and processes it develops.

PCG filed this lawsuit on February 12, 2010.  PCG is pursuing redress under 35 U.S.C. § 292, which permits private citizens to assert rights on behalf of the federal government for falsely marking unpatented products.  Wright Medical filed its Motion to Dismiss on April 20, 2010.

## II. Legal Standards

### A. Rule 12(b)(1) - Subject-matter Jurisdiction

A case may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). FED. R. CIV. P. 12(b)(1).  The party asserting subject-matter jurisdiction bears the burden to establish it.  *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010).  "A court may find a plausible set of facts supporting subject-matter jurisdiction considering any of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### B. Rule 12(b)(6) - Failure to State a Claim

In reviewing a Rule 12(b)(6) motion, which tests the legal sufficiency of the claims stated in the complaint, a court must look solely at the pleadings themselves. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). In looking at whether the complaint states a valid claim upon which relief can be granted, the court must view all facts in a light most favorable to the plaintiff and resolve any doubts in favor of the plaintiff. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). To survive a 12(b)(6) motion, a plaintiff must not make mere conclusory allegations, but must plead specific facts. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

III. Analysis

    A.    **Subject-Matter Jurisdiction**

Federal courts are courts of limited jurisdiction, and, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Claims arising under the Constitution, laws, or treaties of the United States may be brought in federal court. 28 U.S.C. § 1331 (2009).

In addition to statutory requirements for subject-matter jurisdiction, there are also constitutional prerequisites. Standing is a jurisdictional question, part of Article III's

case-and-controversy requirement. *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000). Standing is composed of three elements: (1) injury in fact; (2) a fairly traceable causal link between the injury and the defendant's actions; and (3) the likelihood of redressability. *Cadle Co. v. Neubauer*, 562 F.3d 369, 371 (5th Cir. 2009). The injury must be "both concrete and actual or imminent, not conjectural or hypothetical." *Vt. Agency of Natural Res.*, 529 U.S. at 771.

Here, Wright Medical argues that PCG has not suffered an injury in fact. Wright Medical asserts that PCG is required to plead facts showing either injury to itself or to Wright Medical's competitors, the economy, or the public. As Wright Medical recognizes, *qui tam* statutes like § 292 allow private citizens to pursue claims in the name of the government. *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 751 (5th Cir. 2001). The United States has allegedly suffered an injury in fact and has standing to bring this claim in this instance. Congress, by enacting Section 292, defined an injury in fact for the United States for a violation of that section. *Stauffer v. Brooks Brothers*, __ F.3d __, 2010 WL 3397419, at *4 (Fed. Cir. Aug. 31, 2010). Section 292 allows "any person" to step into the government's shoes and sue for the penalty for falsely marking a patent. 35 U.S.C. § 292(b). "[An] assignee of a claim has standing to assert the injury in fact suffered by the assignor." *Stauffer,* 2010 WL 3397419, at *4 (citing *Vt. Agency of Natural Res.*, 529 U.S. at 773). Therefore, PCG is acting as the assignee of the United States in this case. PCG has acquired standing through assignment from the United States via §

292(b).  *Id.*; *Stauffer*, 2010 WL 3397419 at *4.

B.     **Failure to State a Claim for False Marking**

One of the three ways to prove a false marking claim is for the plaintiff to show that the defendant: (1) marketed an unpatented product as one under patent protection and (2) did so with the purpose of deceiving the public.  35 U.S.C. § 292(a) (2009).

          1.     **Marketing Unpatented Products**

The Federal Circuit has recently settled a debate on what qualifies as an "unpatented" product: an "unpatented" product includes products whose patents have expired.  *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1362 (Fed. Cir. 2010).  There is no dispute that PCG has pleaded sufficient facts to support element #1, the marketing of an unpatented product.  Wright Medical concedes that, at the time this lawsuit was filed, it had multiple products for sale marked with patents that were expired.  *See* Def. Mot. to Dis. at 7–9.

          2.     **With the Purpose of Deceiving the Public**

The false marking statute is a criminal provision, albeit one punished with a civil fine.  *Pequignot*, 608 F.3d at 1362–63.  This is important because of the language used within § 292(a): "with the <u>purpose</u> of deceiving… ." 35 U.S.C. §292(a) (2009) (emphasis added).  The Supreme Court has explained the difference between "knowledge" and "purpose" in criminal statutes is that "purpose" requires intent, the desire to consciously bring about a result.  *Pequignot*, 608 F.3d at 1363.

In *Pequignot*, the Federal Circuit stated that an actionable claim for false marking with an expired patent requires an intent to deceive the public, not simply knowledge that the patent was expired. *Id*. at 1363. In its complaint, PCG alleges that Wright Medical intended to deceive the public by falsely marking its products with expired patents, *see* Pl. Compl. at ¶¶ 72, 76, 59, but pleads no facts in support of its allegations. Conclusory allegations will not survive a 12(b)(6) motion; specific facts are required. *See Guidry*, 954 F.2d at 281. Therefore, PCG has failed to state an actionable claim under § 292.

This is also the decision reached by other district courts to consider the issue under similar facts. *See, e.g., Simonian v. Cisco Systems, Inc.*, 2010 WL 2523211 (N.D. Ill. June 17, 2010)(dismissing for failure to plead facts supporting an inference of fraudulent intent); *Juniper Networks v. Shipley*, 2009 WL 1381873 (N.D. Cal. May 14, 2009)("conclusory allegations that Shipley 'knew' his reference to the patents was 'false' are thus insufficient to plead an intent to deceive under section 292(a)").

In those two decisions, the district courts applied the heightened pleading standard for fraud under Rule 9(b) instead of the normal pleading requirements under Rule 8(a). FED. R. CIV. P. 8(a), 9(b). There has been some disagreement as to which standard should apply in false marking cases. *Compare Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp.2d 1314, 1327 (M.D. Fla. 2007) *with Simonian*, 2010 WL 2523211, at *2–3. Regardless of the standard, this Court finds that PCG's pleadings are

deficient and must be dismissed pursuant to Rule 12(b)(6).

IV. Conclusion

PCG has failed to properly plead a claim for false marking because it has not pleaded specific facts in support of its allegation that Wright Medical purposefully deceived the public, an essential element of the claim. Therefore, Wright Medical's Motion to Dismiss is **GRANTED** and PCG's claims are **DISMISSED without prejudice**. PCG is hereby granted leave to file an amended complaint within ten (10) days of the date this order is signed. If PCG fails to do so, Wright Medical may file a motion requesting dismissal with prejudice.

**SO ORDERED**.

Signed September 27th, 2010.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE