IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATENT COMPLIANCE GROUP, INC., | § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | 3:10-CV-289-K |
| WRIGHT MEDICAL TECHNOLOGY, INC., | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Wright Medical Technologies, Inc.'s ("Wright Medical") Motion to Dismiss Plaintiff Patent Compliance Group's First Amended Complaint (Doc. No. 15). The Court has reviewed and considered the motion, the response, the reply, the pleadings on file in this case, and the applicable law. Upon review, the Motion is **GRANTED** and all of Patent Compliance Group's claims are **DISMISSED with prejudice**.

I.  Background

This is the second time Wright Medical has filed a Motion to Dismiss in this action. *See* Doc. No. 6. The first time, this Court dismissed Patent Compliance Group's complaint without prejudice. *Patent Compliance Group, Inc. v. Wright Med. Tech., Inc.*, 2010 WL 3766724 (N.D. Tex. Sept. 27, 2010). This Court found that Patent

Compliance Group had failed to adequately plead facts in support of its claim that Wright Medical had falsely marked unpatented products, specifically that there were no factual allegations that Wright Medical had acted with the purpose of deceiving the public, an essential element of the claim. *Id*. Patent Compliance Group was given an opportunity to file an amended complaint to correct this deficiency, which it did on October 6, 2010. This Motion to Dismiss Patent Compliance Group's First Amended Complaint followed on October 25, 2010.

## II.    Legal Standard for a Motion to Dismiss

In reviewing a Rule 12(b)(6) motion, which tests the legal sufficiency of the claims stated in the complaint, a court must look solely at the pleadings themselves. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). In looking at whether the complaint states a valid claim upon which relief can be granted, the court must view all facts in a light most favorable to the plaintiff and resolve any doubts in favor of the plaintiff. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). To survive a 12(b)(6) motion, a plaintiff must not make mere conclusory allegations, but must plead specific facts. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

III. Analysis

Wright Medical and Patent Compliance Group dispute two issues: (1) the correct pleading standard to be applied in false marking patent cases and (2) the sufficiency of Patent Compliance Group's pleadings in its second bite at the apple. Each will be considered in turn.

A. Proper pleading standard for false marking cases

Normally, a plaintiff is only required to set out a "short and plain statement" of his or her claim for relief in the complaint. FED. R. CIV. P. 8(a)(2). However, when alleging fraud, a plaintiff must "state with particularity the circumstances constituting fraud. . . ." FED. R. CIV. P. 9(b). In short, the heightened pleading standard of Rule 9(b) requires the complainant to lay out the "who, what, when, where, and how" of the circumstances constituting the fraud. *Shangdong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).

As this Court noted in its previous order, district courts have split on the pleading requirement for false marking cases. *Patent Compliance Group*, 2010 WL 3766724 at *3 (comparing cases). Since this Court issued its order disposing of Wright Medical's previous motion to dismiss in September 2010, a sizeable number of other district courts around the country have interpreted the Federal Circuit's decision in *Stauffer v. Brooks Bros., Inc.*, 619 F.3d 1321 (Fed. Cir. 2010), to call for the more stringent pleading requirements of Fed. R. Civ. P. 9(b) in false marking cases. *See, e.g., Brown v. Georgia-*

*Pacific Consumer Prod. L.P.*, 2010 WL 4609393 at *2 (E.D. Mo. Nov. 5, 2010); *Hollander v. Ortho-McNeil-Janssen Pharm., Inc.*, 2010 WL 4159265 at *4 (W.D. Pa. Oct. 21, 2010); *N.C. Farmers' Assistance Fund v. Monanto Co.*, 2010 WL 3817349 at *9 (M.D.N.C. Sept. 27, 2010). This Court is convinced of the logic underlying these decisions. The Federal Circuit was explicit when it stated a false marking claim required proof of a purpose to deceive. *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010). A claim which requires a purpose to deceive as an element is a fraud-based claim. *Hollander*, 2010 WL 4159265 at *4; *see also Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009)(Rule 9(b) applies to inequitable conduct cases, where knowledge of falsity and intent to deceive the Patent and Trade Office are essential elements of the claim). Therefore, this Court will apply the more rigorous pleading requirements of Rule 9(b) to Patent Compliance Group's complaint.

### B. Has Patent Compliance Group met its pleading burden?

A claim for false marking requires proof that an "unpatented article" was marked for the purpose of deceiving the public. 35 U.S.C. § 292(a) (2009). The Federal Circuit has recently defined "unpatented" to include articles whose previously valid patents have expired. *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1362 (Fed. Cir. 2010). In *Pequignot*, the Federal Circuit also stated that an actionable claim for false marking with an expired patent requires an intent to deceive the public, not simply knowledge that the patent was expired. *Id.* at 1363.

As stated above, Patent Compliance Group's Original Complaint was dismissed because it had failed to adequately plead facts alleging Wright Medical had acted with a purpose to deceive. In its amended complaint, Patent Compliance Group advances as factual support: (1) that Wright Medical is a large company; (2) that it retains sophisticated legal counsel; (3) that it has experience applying for and obtaining patents; and (4) that it knew patents, in general, do expire. Patent Compliance Group also argues that the presence of expired patent numbers on Wright Medical's website on September 28, 2010 is evidence that Wright Medical was acting with the purpose of deceiving the public, Pl. Resp. at 12–13; App. to Pl. Resp., Exh. KK., and that all of these facts combined create a rebuttable presumption of intent to deceive. *Pequignot*, 608 F.3d at 1362–63 ("the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public. . .").

Initially, the *Pequignot* decision goes on to state that the bar for proving deceptive intent is particularly high and that, without more, the presumption of intent to deceive is weaker when the false markings at issue are expired patents. *Pequignot*, 608 F.3d at 1364. The Federal Circuit in *Pequignot* made it clear that plaintiffs like Patent Compliance Group, who allege violations based on expired patents, receive different treatment than plaintiffs alleging more egregious violations of the false marking statute. *Id*.

Second, all but one of these factual arguments are the same ones this Court rejected from Patent Compliance Group's response to Wright Medical's first Motion to Dismiss. *Compare* Doc. No. 14 at ¶¶ 17–26 *with* Doc. No. 7 at 16–17. These same arguments have been rejected by numerous other district courts in cases just like this. *See, e.g., Georgia-Pacific Consumer Prod.*, 2010 WL 4609393 at *2; *Hollander*, 2010 WL 4159265 at *4; *Brinkmeier v. BIC Corp.*, 2010 WL 3360568 at *9–10 (D.Del. Aug. 25, 2010). The web page Patent Compliance Group references, App. to Pl. Resp., Exh. KK, was no longer available as of December 9, 2010 (http://www.wmt.com/patentinfo.asp), which leads this Court to believe that any representations the page contained were inadvertent. *See Brinkmeier*, 2010 WL 3360568 at *10.

Every one of the facts pleaded by Patent Compliance Group is evidence that Wright Medical did know or should have known that some of its patents were expired, not that Wright Medical intended to deceive the public by mismarking several of its products. Coupled with the fact that all of Patent Compliance Group's false marking claims are for previously valid, expired patents, these are the types of allegations that are "merely consistent with" a defendant's liability, stopping short of the line between possibility and plausibility of entitlement to relief. *Iqbal,* 129 S. Ct. at 1949.

IV.  **Conclusion**

Patent Compliance Group has failed to adequately plead facts to validly state a claim for relief under 35 U.S.C. § 292. Therefore, Wright Medical's Motion to Dismiss

is **GRANTED** and Patent Compliance Group's claims are **DISMISSED with prejudice**.

**SO ORDERED.**

Signed December 16th, 2010.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE